Talwinder **SANDHU–SINGH,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–71023.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Aug. 25, 2006.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jessica Dunsay Silver, Esq., Angela M. Miller, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Talwinder Sandhu–Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's ("IJ") order denying Sandhu–Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The IJ made an adverse credibility finding against Sandhu–Singh, which we review for substantial evidence. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Sandhu–Singh's admission that he lied under oath at his bond hearing justifies an adverse credibility determination. The IJ considered Sandhu–Singh's explanation that at the prior hearing he had been nervous and coached by fellow detainees. However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (quotation marks and citation omitted). We conclude that the inconsistency between Sandhu–Singh's representations at the bond hearing and his testimony goes to the heart of his asylum claim and suffices to uphold the adverse credibility determination. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

By failing to qualify for asylum, Sandhu–Singh fails to satisfy the more strin-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Sandhu–Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.